# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS GAMBO ) <br> 420 O Street SW ) <br> Washington, DC 20024 ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LYFT, INC. ) <br> 185 Berry Street ) <br> Suite 5000 ) <br> San Francisco, CA 94107 ) <br> ) <br>         **Serve:** ) <br>         CT Corporation System ) <br>         1015 15th Street NW ) <br>         Suite 1000 ) <br>         Washington, DC 20005 ) <br> ) <br> and ) <br> ) <br> LYFT BIKES AND SCOOTERS, LLC ) <br> 185 Berry Street ) <br> Suite 5000 ) <br> San Francisco, CA 94107 ) <br> ) <br>         **Serve:** ) <br>         CT Corporation System ) <br>         1015 15th Street NW ) <br>         Suite 1000 ) <br>         Washington, DC 20005 ) <br> ) <br> and ) <br> ) <br> SEGWAY INC. ) <br> t/a SEGWAY-NINEBOT ) <br> 2350 W Valley Boulevard ) <br> Alhambra, CA 91803 ) <br> ) <br>         **Serve:** ) <br>         CT Corporation System ) <br>         2 ½ Beacon Street ) | **Civil Action No:** <br> **1:22-cv-1726** |

|  |  |
|---|---|
| Concord, NH 03301 | ) |
|  | ) |
| and | ) |
|  | ) |
| SEGWAY ROBOTICS INC.<br>98 Spit Brook Road<br>Suite 2203<br>Nashua, NH 03062 | ) |
|  | ) |
| **Serve:**<br>Corporation Service Company<br>10 Ferry Street<br>Suite 313<br>Concord, NH 03301 | ) |
|  | ) |
| and | ) |
|  | ) |
| NINEBOT INC.<br>Zhongguan Village 66<br>Xixiaokou Road<br>Haidian District<br>Beijing, 100192 China | ) |
|  | ) |
| and | ) |
|  | ) |
| NINEBOT INC.<br>a/k/a NINEBOT U.S.<br>t/a SEGWAY-NINEBOT<br>184 S. Livingston Ave.<br>Suite 9-308<br>Livingston, NJ 07039 | ) |
|  | ) |
| **Serve:**<br>Business Filings Incorporated<br>108 West 13th Street<br>Wilmington, DE 19801 | ) |
|  | ) |
| and | ) |
|  | ) |
| XIAOMI USA LLC<br>5414 Oberlin Drive<br>Suite 230<br>San Diego, CA 90046 | ) |
|  | ) |
| **Serve:** | ) |

2

|  |  |
|---|---|
| Incorporating Services, Ltd. | ) |
| 7801 Folsom Blvd. | ) |
| Suite 202 | ) |
| Sacramento, CA 95826 | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please take notice that Defendants Lyft, Inc. ("Lyft") and Lyft Bikes and Scooters, LLC, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action to federal court with full reservation of any and all defenses and objections. In support of this notice, Lyft and Lyft Bikes and Scooters, LLC submit as follows:

## NATURE OF THE ACTION

1. On May 20, 2022, Plaintiff Nicholas Gambo filed a civil action in the Civil Division of the Superior Court of the District of Columbia, styled "*Nicholas Gambo v. Lyft, Inc., et al.*," Case No. 2022 CA 002253 B.

2. This Complaint names as defendants, among others, Lyft and Lyft Bikes and Scooters, LLC and seeks damages for personal injuries allegedly as a result of a motorized scooter accident that occurred at approximately 4:14 a.m., on May 22, 2019. *See* Complaint ("Compl.") ¶¶ 14, 18.

3. In the Complaint, Plaintiff alleges that he was injured when the stem of the scooter he rented using the Lyft phone application "instantaneously separated from the deck" causing Plaintiff to fall. *See id.* ¶ 18.

4. The Complaint asserts four theories of liability against each defendant: (1) negligence (*Id.* ¶¶ 22-105); (2) "product liability, defects in design and manufacture" (*Id.* ¶¶

107-204); (3) "strict liability negligent design and manufacture" (*Id.* ¶¶ 205-295); and (4) breach of implied warranty (*Id.* ¶¶ 296-365).

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that this Notice of Removal is being filed within thirty (30) days after the first receipt by a defendant, through service, of the Complaint. Plaintiff served Lyft and Lyft Bikes and Scooters, LLC on May 25, 2022.

6. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the removing defendants, which papers include the Complaint, Affidavits of Service for Lyft and Lyft Bikes and Scooters, LLC, Civil Cover Sheet, and Superior Court of the District of Columbia Docket are attached hereto as **Exhibit A.**

7. All defendants named in the Complaint who have been properly served as of the time of filing of this Notice (i.e. (1) Segway, Inc., t/a Segway-Ninebot; (2) Segway Robotics, Inc.; (3) Ninebot, Inc. aka Ninebot U.S.; and (4) Xiaomi USA, LLC) consent to the removal of this action. *See* **Exhibit B** (emails evidencing consent).

8. Ninebot, Inc. (Beijing) has not yet been served with the complaint and therefore its consent is not necessary for this removal.

9. The Superior Court of the District of Columbia is located within the district court of the United States District Court for the District of Columbia.

**DIVERSITY JURISDICTION**

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. In his Complaint, Plaintiff alleges that he is a resident and domiciliary of the District of Columbia. *See* Compl. ¶ 1.

12. The Complaint alleges that Defendant Lyft, Inc., is a citizen of Delaware, where it is incorporated, and maintains its principal place of business in California. *See id.* ¶ 2.

13. The Complaint alleges that Defendant Lyft Bikes and Scooters, LLC, is a citizen of Delaware, where it is incorporated, and maintains its principal place of business in California. *See id.* ¶ 3.

14. Defendant Segway Inc. t/a Segway-Ninebot is a citizen of California, where it is incorporated and maintains its principal place of business. *See id.* ¶ 4.

15. Defendant Segway Robotics Inc. is a citizen of New Hampshire, where it is incorporated and maintains its principal place of business. *See id.* ¶ 5.

16. Defendant Ninebot Inc. is a foreign corporation, with its principal place of business in Beijing, China. *See id.* ¶ 6.

17. Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot is a citizen of New Jersey, where it is incorporated and maintains its principal place of business. *See id.* ¶ 7.

18. Defendant Xiaomi USA LLC is a citizen of California, where it is incorporated and maintains its principal place of business. *See id.* ¶ 8.

19. Therefore, there is complete diversity of citizenship between Plaintiff and the Defendants.

20. In Plaintiff's Complaint, he "demands judgments against [Defendants]" in the amount of one million dollars ($1,000,000.00) for each cause of action alleged. Further, Plaintiff's civil action cover sheet demands twenty-seven million dollars ($27,000,000.00) in

total recovery. *See* Exhibit A. Thus, the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

**WHEREFORE,** Lyft and Lyft Bikes and Scooters, LLC hereby respectfully give notice that the above action, now pending against it in the Superior Court of the District of Columbia, is removed to the United States District Court for the District of Columbia.

This 15th day of June, 2022.

Respectfully submitted,

*/s/ Ruben F. Reyna*
Rebecca B. Chaney (No. 992930)
Ruben F. Reyna (No. 474701)
CROWELL & MORING LLP
1001 Pennsylvania Avenue
Washington, D.C. 20004
(202) 624-2500
Rchaney@crowell.com
Rreyna@crowell.com
Ehowington@crowell.com

*Attorneys for Defendants Lyft, Inc.
and Lyft Bikes and Scooters, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL has been served on this 15th day of June, 2022, via regular mail to the following counsel of record:

John J. Yannone
Arren T. Waldrep
Nicholas J.N. Stamatis
Price Benowitz LLP
409 7th Street, N.W., Suite 200
Washington, DC 20004
202-417-6000
john@pricebenowitzlaw.com
arren@pricebenowitzlaw.com
nstamatis@pricebenowitzlaw.com
*Attorneys for Plaintiff*

                                                */s/ Ruben F. Reyna*
                                                Ruben F. Reyna