# **<u>Exhibit A</u>**

 Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
05/25/2022
CT Log Number 541648673

## Service of Process Transmittal Summary

**TO:**   Viraj Telang
LYFT, INC.
185 BERRY ST STE 5000
SAN FRANCISCO, CA 94107-2503

**RE:**   **Process Served in District of Columbia**

**FOR:**   Lyft Bikes and Scooters, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: NICHOLAS GAMBO // To: Lyft Bikes and Scooters, LLC |
| **DOCUMENT(S) SERVED:** | Citation, Complaint and Demand, Order and Addendum, Attachment(s), Information Sheet(s) |
| **COURT/AGENCY:** | District of Columbia - Superior Court, DC<br>Case # 2022CA002253B |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Lyft Scooters-branded electric scooter ("the Scooter") |
| **PROCESS SERVED ON:** | C T Corporation System, Washington, DC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 05/25/2022 at 01:22 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after service of this summons upon you, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | John J. Yannone<br>PRICE BENOWITZ, LLP<br>409 7th Street, NW, Suite 200<br>Washington, DC 20004<br>202-417-6015 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/26/2022, Expected Purge Date: 05/31/2022 |
| | Image SOP |
| | Email Notification,  Adrienne Young  adrienneyoung@lyft.com |
| | Email Notification,  John Pellegrini  jpellegrini@lyft.com |
| | Email Notification,  Sam Gall  sgall@lyft.com |
| | Email Notification,  Arielle Stephenson  astephenson@lyft.com |
| | Email Notification,  Viraj Telang  virajt@lyft.com |
| | Email Notification,  Adam Jacobs  ajacobs@lyft.com |
| | Email Notification,  Christopher Youngblood  cyoungblood@lyft.com |

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
05/25/2022
CT Log Number 541648673

Email Notification,  Eboni James  ebonijames@lyft.com

**REGISTERED AGENT CONTACT:**    C T Corporation System
1015 15th Street, NW
Suite 1000
Washington, DC 20005
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion,
and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other
information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the
included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT
disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be
contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                 Wed, May 25, 2022
**Server Name:**        Drop Service

| | |
|---|---|
| Entity Served | LYFT BIKES AND SCOOTERS, LLC |
| Case Number | 2022CA002253B |
| Jurisdiction | DC |

| Inserts | |
|---|---|
| | |



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Nicholas Gambo
_____
                                            Plaintiff
                    vs.

                                            Case Number   2022 CA 002253 B

Lyft Bikes and Scooters, LLC , serve: CT Corporation System
_____
                                            Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

John J. Yannone
_____
Name of Plaintiff's Attorney

409 7th Street, NW, Suite 200
_____          By _____
Address
Washington, DC 20004
_____

202-417-6015
_____          Date _____ 05/23/2022 _____
Telephone

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

Clerk of the Court

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                              Super. Ct. Civ. R. 4



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                        Demandante

                    contra

                                                                    Número de Caso: ............................

_____
                                        Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                                        Por: _____
_____                        Subsecretario
Dirección

_____
                                        Fecha _____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시오    ፕትምፅ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

V-3110 [Rev. June 2017]                                                                    Super. Ct. Civ. R. 4

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NICHOLAS GAMBO                          )
420 O Street SW                         )
Washington, DC 20024                    )
                                        )
     Plaintiff,                         )
                                        )
v.                                      )          Case No.: 2022 CA 002253 B
                                        )
LYFT, INC.                              )
185 Berry Street                        )
Suite 5000                              )
San Francisco, CA 94107                 )
                                        )
       **Serve:**                  )
       CT Corporation System       )
       1015 15th Street NW          )
       Suite 1000                  )
       Washington, DC 20005        )
                                        )
                                        )
and                                     )
                                        )
LYFT BIKES AND SCOOTERS, LLC            )
185 Berry Street                        )
Suite 5000                              )
San Francisco, CA 94107                 )
                                        )
       **Serve:**                  )
       CT Corporation System       )
       1015 15th Street NW          )
       Suite 1000                  )
       Washington, DC 20005        )
                                        )
and                                     )
                                        )
SEGWAY INC.                             )
t/a SEGWAY-NINEBOT                      )
2350 W Valley Boulevard                 )
Alhambra, CA 91803                      )
                                        )
       **Serve:**                  )
       CT Corporation System       )
       2 ½ Beacon Street           )

1

                    Concord, NH 03301                )
                                                     )
and                                                  )
                                                     )
SEGWAY ROBOTICS INC.                                 )
98 Spit Brook Road                                   )
Suite 2203                                           )
Nashua, NH 03062                                     )
                                                     )
                    **Serve:**                       )
                    Corporation Service Company      )
                    10 Ferry Street                  )
                    Suite 313                        )
                    Concord, NH 03301                )
                                                     )
                                                     )
and                                                  )
                                                     )
NINEBOT INC.                                         )
Zhongguan Village 66                                 )
Xixiaokou Road                                       )
Haidian District                                     )
Beijing, 100192 China                                )
                                                     )
and                                                  )
                                                     )
NINEBOT INC.                                         )
a/k/a NINEBOT U.S.                                   )
t/a SEGWAY-NINEBOT                                   )
184 S. Livingston Ave.                               )
Suite 9-308                                          )
Livingston, NJ 07039                                 )
                                                     )
                    **Serve:**                       )
                    Business Filings Incorporated    )
                    108 West 13th Street             )
                    Wilmington, DE 19801             )
                                                     )
and                                                  )
                                                     )
XIAOMI USA LLC                                       )
5414 Oberlin Drive                                   )
Suite 230                                            )
San Diego, CA 90046                                  )
                                                     )
                    **Serve:**                       )

2

| | |
|---|---|
| Incorporating Services, Ltd. | ) |
| 7801 Folsom Blvd. | ) |
| Suite 202 | ) |
| Sacramento, CA 95826 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Nicholas Gambo, by and through undersigned counsel, John J. Yannone, Arren T. Waldrep, Nicholas J.N. Stamatis, and Price Benowitz, LLP, and hereby files this Complaint against Defendants Lyft Inc., Lyft Bikes and Scooters, LLC, Segway Inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, and Xiaomi USA LLC, and for reason states as follows:

## PARTIES

1.   Plaintiff Nicholas Gambo ("Gambo") is a resident and domiciliary of the District of Columbia, residing at 420 O Street SW, Washington, D.C. 20024.

2.   Upon information and belief, Defendant Lyft, Inc. ("Lyft"), is a Delaware corporation that is registered and doing business in the District of Columbia, with a principal office at 185 Berry Street, Suite 5000, San Francisco, CA 94107. At all times relevant, Defendant Lyft owned, maintained, controlled, and was responsible for the inspection, maintenance, upkeep, repair, and/or the design and manufacture of the Lyft Scooters-branded electric scooter ("the Scooter") operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

3.   Defendant Lyft Bikes and Scooters, LLC ("Lyft Scooters"), is a Delaware corporation that is registered and doing business in the District of Columbia, with a principal office at 185 Berry Street, Suite 5000, San Francisco, CA 94107. At all times relevant, Defendant Lyft Scooters owned, maintained, controlled, and was responsible for the inspection, maintenance, upkeep,

repair, and/or the design and manufacture of the Scooter operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

4. Defendant Segway Inc. t/a Segway-Ninebot ("Segway Inc.") is a corporation that was formed under the laws of the State of California and which transacts business in Washington, D.C. Defendant Segway Inc.'s principal office is located at 2350 W Valley Boulevard, Alhambra, CA 91803. Upon information and belief, and at all times relevant hereto, Defendant Segway Inc. was responsible for the inspection, maintenance, upkeep, repair, and/or the design and manufacture of the Scooter operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

5. Defendant Segway Robotics Inc. ("Segway Robotics") is a corporation that was formed under the laws of the State of New Hampshire, and which transacts business in Washington, D.C. Defendant Segway Robotics' principal office is located at 98 Spit Brook Road, Suite 2203, Nashua, NH 03062. Upon information and belief, and at all times relevant hereto, Defendant Segway Robotics was responsible for the inspection, maintenance, upkeep, repair, and/or the design and manufacture of the Scooter operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

6. Defendant Ninebot Inc. ("Ninebot Beijing") is a foreign corporation which transacts business in Washington, D.C. Defendant Segway Robotics' principal office is located in Beijing, China. Upon information and belief, and at all times relevant hereto, Defendant Ninebot Beijing was responsible for the inspection, maintenance, upkeep, repair, and/or the design and manufacture of the Scooter operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

7. Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot ("Ninebot U.S.") is a corporation that was formed under the laws of the State of New Jersey, and which transacts

4

business in Washington, D.C. Defendant Ninebot U.S.'s principal office is located 184 S

Livingston Avenue, Suite 9-308, Livingston, NJ. Upon information and belief, and at all times

relevant hereto, Defendant Ninebot U.S. was responsible for the inspection, maintenance, upkeep,

repair, and/or the design and manufacture of the Scooter operated by Plaintiff Gambo during the

incident in question, on or about May 22, 2019.

8.  Defendant Xiaomi USA LLC ("Xiaomi") is a corporation that was formed under the laws

of the State of California and which transacts business in Washington, D.C. Defendant Xiaomi's

principal office is located at 5414 Oberlin Drive, Suite 230, San Diego, California 90046. Upon

information and belief, and at all times relevant hereto, Defendant Xiaomi was responsible for the

inspection, maintenance, upkeep, repair, and/or the design and manufacture of the Scooter

operated by Plaintiff Gambo during the incident in question, on or about May 22, 2019.

## JURISDICTION AND VENUE

9.  This suit is being brought for money damages for injuries caused by the negligence,

wrongful acts, and/or omissions of Defendants Lyft, Lyft Scooters, Segway Inc., Segway Robotics,

Ninebot Beijing, Ninebot U.S., and Xiaomi.

10. Subject Matter Jurisdiction of this Court is proper herein pursuant to D.C. Code § 11- 921,

et seq. because this Complaint alleges negligent acts or omissions that occurred in the District of

Columbia.

11. All of the acts complained of herein occurred within the District of Columbia.

12. Plaintiff Gambo hereby demands a jury trial on the allegations detailed below.

## STATEMENT OF FACTS

13. At all times relevant hereto, Defendants Lyft, Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S. and/or Xiaomi owned, operated, maintained, inspected, repaired, serviced, monitored, designed, and/or manufactured the Scooter operated by Plaintiff Gambo on May 22, 2019 at approximately 4:14 a.m.

14. On or about May 22, 2019, at approximately 4:14 a.m., Plaintiff Gambo rented a Lyft Scooter from his phone application and immediately thereafter was riding on the Lyft motorized scooter on K Street, SW, at or near its intersection with 3rd Street, SW, in Washington, D.C.

15. At all times relevant hereto, Lyft, Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, and/or their agent(s), servant(s), and/or employee(s), owed a continuing duty of care to Plaintiff Gambo, to inspect, maintain, repair, monitor, service, design, and/or manufacture its scooters, including but not limited to the Scooter, and ensure that the same were in a reasonably safe condition for use by members of the public, with due care and regard for dangerous conditions that pose a risk of harm to persons lawfully riding on said Scooter.

16. At all times relevant hereto Defendants Lyft, Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, and their agent(s), servant(s), and/or employee(s), had negligently owned, operated, maintained, inspected, repaired, serviced, monitored, designed, and/or manufactured the Scooter so as to render it a hazard

17. At no time prior to Plaintiff Gambo' s injury was Plaintiff Gambo warned of this dangerous condition.

18. Suddenly and without warning, and while exercising due care and caution for his safety, Plaintiff Gambo was operating the Scooter when the stem of the Scooter instantaneously separated

6

from the deck, causing Plaintiff to fall forward, resulting in his face and head striking the ground and causing significant injury to his person.

19. As a direct and proximate result of the stem breaking off the Scooter, Plaintiff Gambo suffered severe bodily injuries.

20. As a result of this occurrence, Plaintiff Gambo has incurred medical bills and related expenses to alleviate his injuries, pain and suffering, loss of employment opportunity, lost wages, loss of time enjoyment from his customary leisure and recreational activities, and impairment of his customary leisure and recreational activities and will continue to incur, medical bills and related expenses, and continue to lose time and enjoyment from his customary leisure and recreational activities, and impairment of his customary leisure and recreational activities.

21. The above injuries were caused solely and proximately by Lyft, Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, and/or their agent(s), servant(s), and employee(s), without any contributory negligence or assumption of the risk on the part of Plaintiff Gambo.

## COUNT I: Negligence
### (Defendant Lyft Inc.)

22. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

23. At all relevant times, Defendant Lyft owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Lyft had a duty, *inter alia*, to:

    a. Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

b. Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

c. Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

d. Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

e. Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

f. Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

24. Defendant Lyft breached the above duties on May 22, 2019.

25. The May 22, 2019, occurrence was caused by Defendant Lyft's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Lyft:

a. Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

b. Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

c. Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

8

d. Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

e. Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

f. Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

g. Was otherwise negligent.

26. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were acting as the agents, servants, employees, and/or contractors of Defendant Lyft, and Defendants Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were carrying out their affairs for the benefit of Defendant Lyft.

27. As the principal for Defendants Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, Defendant Lyft is responsible for all of the acts and/or omissions committed by Defendants Lyft Scooters, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, who were Defendant Lyft's actual agents, servants, employees, and/or contractors acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

28. As a direct and proximate result of Defendant Lyft's negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft's agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

29. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft's agents, servants, employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

30. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft's agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

31. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft's agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

32. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft's agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

33. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft and Defendant Lyft's agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and

severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT II: Negligence
### (Defendant Lyft Bikes and Scooters LLC)

34. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

35. At all relevant times, Defendant Lyft Scooters owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Lyft Scooters had a duty, *inter alia*, to:

   a. Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

   b. Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

   c. Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

   d. Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

   e. Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

    f.  Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

36. Defendant Lyft Scooters breached the above duties on May 22, 2019.

37. The May 22, 2019, occurrence was caused by Defendant Lyft Scooters' recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Lyft Scooters:

    a.  Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b.  Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c.  Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d.  Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e.  Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

    f.  Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

    g.  Was otherwise negligent.

38. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were acting as the agents, servants, employees, and/or contractors of Defendant Lyft Scooters, and Defendants Lyft, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were carrying out their affairs for the benefit of Defendant Lyft Scooters.

39. As the principal for Defendants Lyft, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, Defendant Lyft Scooters is responsible for all of the acts and/or omissions committed by Defendants Lyft, Segway Inc., Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, who were Defendant Lyft Scooters' actual agents, servants, employees, and/or contractors acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

40. As a direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft Scooters' agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

41. As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft Scooters' agents, servants, employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

42. As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft Scooters' agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

43. As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft Scooters' agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

44. As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, and the negligent acts and omissions of Defendant Lyft Scooters' agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

45. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft Scooters and Defendant Lyft Scooters' agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT III: Negligence
### (Defendant Segway Inc. t/a Segway-Ninebot)

46. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

14

47. At all relevant times, Defendant Segway Inc. owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Segway Inc. had a duty, *inter alia*, to:

    a. Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b. Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c. Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d. Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e. Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

    f. Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

48. Defendant Segway Inc. breached the above duties on May 22, 2019.

49. The May 22, 2019, occurrence was caused by Defendant Segway Inc.'s recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Segway Inc.:

15

a. Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

b. Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

c. Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

d. Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter; .

e. Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

f. Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

g. Was otherwise negligent.

50. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Lyft Scooters, Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were acting as the agents, servants, employees, and/or contractors of Defendant Segway Inc., and Defendants Lyft, Lyft Scooters, Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were carrying out their affairs for the benefit of Defendant Segway Inc..

51. As the principal for Defendants Lyft, Lyft Scooters, Segway Robotics, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, Defendant Segway Inc. is responsible for all of the acts and/or omissions committed by Defendants Lyft, Lyft Scooters, Segway Robotics, Ninebot Beijing,

Ninebot U.S., and/or Xiaomi, who were Defendant Segway Inc.'s actual agents, servants, employees, and/or contractors acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

52. As a direct and proximate result of Defendant Segway Inc.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Inc.'s agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

53. As a further direct and proximate result of Defendant Segway Inc.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Inc.'s agents, servants, employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

54. As a further direct and proximate result of Defendant Segway Inc.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Inc.'s agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

55. As a further direct and proximate result of Defendant Segway Inc.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Inc.'s agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

56. As a further direct and proximate result of Defendant Segway Inc.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Inc.'s agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

57. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway Inc. and Defendant Segway Inc.'s agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

**COUNT IV: Negligence**
**(Defendant Segway Robotics Inc.)**

58. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

59. At all relevant times, Defendant Segway Robotics owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Segway Robotics had a duty, *inter alia*, to:

    a.  Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

18

b.  Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

c.  Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

d.  Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

e.  Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

f.  Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

60. Defendant Segway Robotics breached the above duties on May 22, 2019.

61. The May 22, 2019, occurrence was caused by Defendant Segway Robotics' recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Segway Robotics:

a.  Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

b.  Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

c.  Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

19

d.  Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

e.  Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

f.  Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

g.  Was otherwise negligent.

62. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Lyft Scooters, Segway, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were acting as the agents, servants, employees, and/or contractors of Defendant Segway Robotics, and Defendants Lyft, Lyft Scooters, Segway, Ninebot Beijing, Ninebot U.S., and/or Xiaomi were carrying out their affairs for the benefit of Defendant Segway Robotics.

63. As the principal for Defendants Lyft, Lyft Scooters, Segway, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, Defendant Segway Robotics is responsible for all of the acts and/or omissions committed by Defendants Lyft, Lyft Scooters, Segway, Ninebot Beijing, Ninebot U.S., and/or Xiaomi, who were Defendant Segway Robotics' actual agents, servants, employees, and/or contractors acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

64. As a direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Robotics' agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering

injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

65. As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Robotics' agents, servants, employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

66. As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Robotics' agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

67. As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Robotics' agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

68. As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, and the negligent acts and omissions of Defendant Segway Robotics' agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

69. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway Robotics and Defendant Segway Robotics' agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT V: Negligence
### (Defendant Ninebot Inc.)

70. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

71. At all relevant times, Defendant Ninebot Beijing owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Ninebot Beijing had a duty, *inter alia*, to:

   a. Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

   b. Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

   c. Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

22

    d.  Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e.  Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

    f.  Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

72. Defendant Ninebot Beijing breached the above duties on May 22, 2019.

73. The May 22, 2019, occurrence was caused by Defendant Ninebot Beijing's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Ninebot Beijing:

    a.  Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b.  Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c.  Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d.  Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e.  Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

f.  Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

g.  Was otherwise negligent.

74. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot U.S., and/or Xiaomi were acting as the agents, servants, employees, and/or contractors of Defendant Ninebot Beijing, and Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot U.S., and/or Xiaomi were carrying out their affairs for the benefit of Defendant Ninebot Beijing.

75. As the principal for Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot U.S., and/or Xiaomi, Defendant Ninebot Beijing is responsible for all of the acts and/or omissions committed by Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot U.S., and/or Xiaomi, who were Defendant Ninebot Beijing's actual agents, servants, employees, and/or contractors acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

76. As a direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot Beijing's agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

77. As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot Beijing's agents, servants,

24

employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

78. As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot Beijing's agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

79. As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot Beijing's agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

80. As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot Beijing's agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

81. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot Beijing and Defendant Ninebot Beijing's agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result

of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

**COUNT VI: Negligence**
**(Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot)**

82. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

83. At all relevant times, Defendant Ninebot U.S. owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Ninebot U.S. had a duty, *inter alia*, to:

    a. Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b. Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c. Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d. Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e. Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

26

  f. Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

84. Defendant Ninebot U.S. breached the above duties on May 22, 2019.

85. The May 22, 2019, occurrence was caused by Defendant Ninebot U.S.'s recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Ninebot U.S.:

  a. Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

  b. Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

  c. Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

  d. Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

  e. Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

  f. Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

  g. Was otherwise negligent.

86. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Xiaomi were acting as the

agents, servants, employees, and/or contractors of Defendant Ninebot U.S., and Defendants Lyft,
Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Xiaomi were carrying out their
affairs for the benefit of Defendant Ninebot U.S.

87. As the principal for Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot
Beijing, and/or Xiaomi, Defendant Ninebot U.S. is responsible for all of the acts and/or omissions
committed by Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or
Xiaomi, who were Defendant Ninebot U.S.'s actual agents, servants, employees, and/or contractors
acting within the course and scope of their actual agency and/or employment under the doctrine of
vicarious liability.

88. As a direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions,
and the negligent acts and omissions of Defendant Ninebot U.S.'s agents, servants, employees,
and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which
necessitated medical evaluation and treatment, and which will require ongoing treatment.

89. As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and
omissions, and the negligent acts and omissions of Defendant Ninebot U.S.'s agents, servants,
employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and
will incur additional medical and related expenses in the future.

90. As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and
omissions, and the negligent acts and omissions of Defendant Ninebot U.S.'s agents, servants,
employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and
a loss of earnings capacity.

91. As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and
omissions, and the negligent acts and omissions of Defendant Ninebot U.S.'s agents, servants,

employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

92. As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, and the negligent acts and omissions of Defendant Ninebot U.S.'s agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

93. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot U.S. and Defendant Ninebot U.S.'s agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT VI: Negligence
### (Defendant Xiaomi USA LLC)

94. Plaintiff re-alleges and incorporates by reference all of the facts and allegations of the above paragraphs as if fully set forth herein and further alleges:

95. At all relevant times, Defendant Xiaomi owed a duty to members of the public using its scooters, such as Plaintiff Gambo, to inspect, maintain, repair, monitor, and service its scooters

and/or to warn individuals of unsafe, dangerous, and/or hazardous properties on its scooters, so as to avoid the risk of harm or bodily injury. In particular Defendant Xiaomi had a duty, *inter alia*, to:

    a.  Exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b.  Exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c.  Exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d.  Keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e.  Ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use, and ;

    f.  Secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one.

96. Defendant Xiaomi breached the above duties on May 22, 2019.

97. The May 22, 2019, occurrence was caused by Defendant Xiaomi's recklessness, carelessness, and/or negligence, for that, among other acts and omissions, Defendant Xiaomi:

    a.  Failed to exercise ordinary care in its inspection, maintenance, monitoring, and repair of its scooters, including but not limited to the Scooter;

    b.  Failed to exercise ordinary care in repairing and/or removing any hazardous and unsafe scooters from use, including but not limited to the Scooter;

    c.  Failed to exercise ordinary care to monitor the continuing need for repair and/or removal of any hazardous and unsafe scooters from being in use while in an unsafe condition, including but not limited to the Scooter;

    d.  Failed to keep adequate records of inspection, maintenance, monitoring, and repair protocols for scooters in its control, including but not limited to the Scooter;

    e.  Failed to ensure that its scooters, including but not limited to the Scooter, were in a state fit for their specific use;

    f.  Failed to secure and/or remove any and all hazardous, defective, unrepaired, unmaintained scooters, including but not limited to the Scooter, that posed a threat of harm or bodily injury to those riding on one, and;

    g.  Was otherwise negligent.

98. Upon information and belief, at all times relevant, including May 22, 2019, Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Ninebot U.S. were acting as the agents, servants, employees, and/or contractors of Defendant Xiaomi, and Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Ninebot U.S. were carrying out their affairs for the benefit of Defendant Xiaomi.

99. As the principal for Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Ninebot U.S., Defendant Xiaomi is responsible for all of the acts and/or omissions committed by Defendants Lyft, Lyft Scooters, Segway, Segway Robotics, Ninebot Beijing, and/or Ninebot U.S., who were Defendant Xiaomi's actual agents, servants, employees, and/or contractors

acting within the course and scope of their actual agency and/or employment under the doctrine of vicarious liability.

100.     As a direct and proximate result of Defendant Xiaomi's negligent acts and omissions, and the negligent acts and omissions of Defendant Xiaomi's agents, servants, employees, and/or contractors, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

101.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, and the negligent acts and omissions of Defendant Xiaomi's agents, servants, employees, and/or contractors, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

102.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, and the negligent acts and omissions of Defendant Xiaomi's agents, servants, employees, and/or contractors, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

103.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, and the negligent acts and omissions of Defendant Xiaomi's agents, servants, employees, and/or contractors, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

104.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, and the negligent acts and omissions of Defendant Xiaomi's agents, servants, employees, and/or contractors, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

105.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Xiaomi's and Defendant Xiaomi's agents, servants, employees, and/or contractors, and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc., Lyft Bikes and Scooters, LLC, Segway inc. t/a Segway-Ninebot, Segway Robotics Inc., Ninebot Inc., Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, Xiomi USA LLC, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT VIII – Product Liability, Defects in Design and Manufacture
### (Defendant Lyft Inc.)

107.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

108.     Defendant Lyft designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

109.     Defendant Lyft placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

110.     Defendant Lyft placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

111.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Lyft placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

112.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

113.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Lyft, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

114.     Defendant Lyft failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

115.     As a direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

116.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

117.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

34

118.    As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

119.    As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

120.    All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft, Inc. in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT IX – Product Liability, Defects in Design and Manufacture
### (Defendant Lyft Bikes and Scooters, LLC)

121.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

122.    Defendant Lyft Scooters designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

123.    Defendant Lyft Scooters placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was

35

the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

124.     Defendant Lyft Scooters placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

125.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Lyft Scooters placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

126.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

127.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Lyft Scooters, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

128.     Defendant Lyft Scooters failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

129.     As a direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

130.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

36

131.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

132.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

133.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

134.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft Scooters and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft Bikes and Scooters, LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT X – Product Liability, Defects in Design and Manufacture
### (Defendant Segway Inc. t/a Segway-Ninebot)

135.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

136.     Defendant Segway designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

137.     Defendant Segway placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

138.     Defendant Segway placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

139.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Segway placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

140.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

141.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Segway, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

142.     Defendant Segway failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

143.     As a direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

144.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

145.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

146.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

147.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

148.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Inc. t/a Segway-Ninebot, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XI – Product Liability, Defects in Design and Manufacture
### (Defendant Segway Robotics Inc.)

149.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

150.     Defendant Segway Robotics designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

151.     Defendant Segway Robotics placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

152.     Defendant Segway Robotics placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

153.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Segway Robotics placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

154.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

155.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Segway Robotics, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

156.     Defendant Segway Robotics failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

157.     As a direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

158.     As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

159.     As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

160.     As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

161.     As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

162.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway Robotics' and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Robotic Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a

result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XII – Product Liability, Defects in Design and Manufacture
### (Defendant Ninebot Inc.)

163.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

164.    Defendant Ninebot Beijing designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

165.    Defendant Ninebot Beijing placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

166.    Defendant Ninebot Beijing placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

167.    Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Ninebot Beijing placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

168.    On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

169.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Ninebot Beijing, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

170.     Defendant Ninebot Beijing failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

171.     As a direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

172.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

173.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

174.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

175.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

176.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot Beijing's and were incurred without

contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XIII – Product Liability, Defects in Design and Manufacture
### (Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot)

177.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

178.     Defendant Ninebot U.S. designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

179.     Defendant Ninebot U.S. placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

180.     Defendant Ninebot U.S. placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

181.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Ninebot U.S. placed it into the stream of commerce and the

44

Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

182.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

183.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Ninebot U.S., or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

184.     Defendant Ninebot U.S. failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

185.     As a direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

186.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

187.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

188.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

189.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

190.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot U.S.'s and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

**COUNT XIV – Product Liability, Defects in Design and Manufacture**
**(Defendant Xiaomi USA LLC)**

191.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

192.     Defendant Xiaomi designed, manufactured, and sold the Scooter in the stream of commerce to be used by members of the public such as Plaintiff Gambo.

193.     Defendant Xiaomi placed the Scooter into the stream of commerce and sold the Scooter in a defective and unreasonably dangerous condition in that, *inter alia*, the design and/or manufacture of the Scooter left it in a state not fit for ordinary and intended use, nor was the Scooter properly inspected and/or tested, such that the stem of the Scooter broke off, causing Plaintiff Gambo to fall, when the Scooter was being used in an ordinary manner.

194.     Defendant Xiaomi placed the Scooter into the stream of commerce in a defective and unreasonably dangerous condition for ordinary use in that it contained latent design and manufacturing flaws which resulted in the fall suffered by Plaintiff Gambo.

195.     Plaintiff Gambo encountered the Scooter without any substantial change in its condition from when Defendant Xiaomi placed it into the stream of commerce and the Scooter was in its defective and unreasonably dangerous condition at the time of the incident in question.

196.     On or about May 22, 2019, Plaintiff Gambo was using the Scooter, for its intended and ordinary use, when it failed and the stem broke off from the deck, causing severe injuries to Plaintiff Gambo.

197.     Plaintiff Gambo's injuries were caused by the defective design and manufacture of the Scooter by Defendant Xiaomi, or alternatively through Defendant's failure to properly test and/or inspect the Scooter prior to it entering the stream of commerce.

198.     Defendant Xiaomi failed to provide any warning to Plaintiff Gambo that the Scooter was in a defective and unreasonably dangerous condition for ordinary use.

199.     As a direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

200.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

201.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

202.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

203.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

204.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Xiaomi's and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Xiaomi USA LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XV: Strict Liability Negligent Design and Manufacture
### (Defendant Lyft Inc.)

205.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

206.     Defendant Lyft participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

207.     Defendant Lyft had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all

aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

208. Defendant Lyft breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Lyft in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Lyft also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Lyft further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

209. The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

210. On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

211. Defendant Lyft's design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

212. As a direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

49

213. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

214. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

215. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

216. As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

217. All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XVI: Strict Liability Negligent Design and Manufacture
### (Defendant Lyft Bikes and Scooters LLC)

218.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

219.    Defendant Lyft Scooters participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

220.    Defendant Lyft Scooters had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

221.    Defendant Lyft Scooters breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Lyft Scooters in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Lyft Scooters also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Lyft Scooters further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

222.    The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

223.     On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

224.     Defendant Lyft Scooters' design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

225.     As a direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

226.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

227.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

228.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

229.     As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

230.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft Scooters and were incurred without

contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft Bikes and Scooters LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XVII: Strict Liability Negligent Design and Manufacture
**(Defendant Segway Inc.)**

231. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein.

232. Defendant Segway participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

233. Defendant Segway had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

234. Defendant Segway breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Segway in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Segway also breached that duty when it negligently failed to design the Scooter with a

failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Segway further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

235. The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

236. On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

237. Defendant Segway's design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

238. As a direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

239. As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

240. As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

241.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

242.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

243.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XVIII: Strict Liability Negligent Design and Manufacture
### (Defendant Segway Robotics Inc.)

244.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

245.     Defendant Segway Robotics participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

246.     Defendant Segway Robotics had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable

care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

247. Defendant Segway Robotics breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Segway Robotics in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Segway Robotics also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Segway Robotics further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

248. The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

249. On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

250. Defendant Segway Robotics' design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

251.   As a direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

252.   As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

253.   As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

254.   As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

255.   As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

256.   All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway Robotics and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Robotics Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills,

lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XIX: Strict Liability Negligent Design and Manufacture
### (Defendant Ninebot Inc.)

257.   The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

258.   Defendant Ninebot Beijing participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

259.   Defendant Ninebot Beijing had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

260.   Defendant Ninebot Beijing breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Ninebot Beijing in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Ninebot Beijing also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Ninebot Beijing further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from

detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

261.    The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

262.    On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

263.    Defendant Ninebot Beijing's design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

264.    As a direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

265.    As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

266.    As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

267.    As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

268.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

269.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot Beijing and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XX: Strict Liability Negligent Design and Manufacture
**(Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot)**

270.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

271.     Defendant Ninebot U.S. participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

272.     Defendant Ninebot U.S. had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

273.    Defendant Ninebot U.S. breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Ninebot U.S. in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Ninebot U.S. also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Ninebot U.S. further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

274.    The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

275.    On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

276.    Defendant Ninebot U.S.'s design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

277.    As a direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

278.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

279.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

280.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

281.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

282.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot U.S. and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXI: Strict Liability Negligent Design and Manufacture
### (Defendant Xiaomi US LLC)

283.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

284.    Defendant Xiaomi participated in the design, manufacturing, sale, and maintenance of the Scooter, which caused Plaintiff Gambo's injury.

285.    Defendant Xiaomi had a duty to exercise ordinary care to design products that are reasonably safe for their intended use and to comply with current standards or industry customs in the product design of the Scooter. Defendant had a further duty to exercise reasonable care in all aspects of the scooter manufacturing process from its inception through delivery of the finished product. Defendant also had a duty to exercise ordinary care to use safe materials and to make reasonable tests and inspections to discover latent defects.

286.    Defendant Xiaomi breached that duty when it designed the Scooter and was placed into the stream of commerce and sold by Defendant Xiaomi in a defective and unreasonably dangerous condition in that the manufacture and/or design of the Scooter was such that it caused the stem to detach from the deck, producing a hazardous condition to those operating the Scooter. Defendant Xiaomi also breached that duty when it negligently failed to design the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck. Defendant also failed to conduct reasonable tests and/or inspections to discover the defect in their scooter and Defendant Xiaomi further breached that duty when it negligently failed to manufacture the Scooter with a failsafe or other protective guard to prevent the stem from detaching from the deck, all of which rendered the negligently designed and/or manufactured Scooter unreasonably dangerous.

287.    The Scooter reached Plaintiff without any substantial change in its condition and was in that condition at the time of the injury herein alleged.

63

288.    On May 22, 2019, while Plaintiff Gambo was using the Scooter in a foreseeable manner, the stem detached from the deck, causing injury to Plaintiff.

289.    Defendant Xiaomi's design and/or manufacturing defect made the product unreasonably dangerous. Defendant failed to take corrective action when the danger of the Scooter became known.

290.    As a direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

291.    As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

292.    As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

293.    As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

294.    As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

295.    All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Xiaomi and were incurred without contributory

negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Xiaomi US LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

### COUNT XXII: Breach of Implied Warranty
### (Defendant Lyft Inc.)

296.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

297.    At all times relevant hereto, Defendant Lyft was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

298.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

299.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Lyft such that during the course and scope

of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

300.     As a direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

301.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

302.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

303.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

304.     As a further direct and proximate result of Defendant Lyft's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

305.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the

causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXIII: Breach of Implied Warranty
### (Defendant Lyft Bikes and Scooters LLC.)

306.     The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

307.     At all times relevant hereto, Defendant Lyft Scooters was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

308.     As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

309.     At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Lyft Scooters such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

310.    As a direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

311..    As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

312.    As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

313.    As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

314.    As a further direct and proximate result of Defendant Lyft Scooters' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

315.    All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Lyft Scooters and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Lyft Bikes and Scooters LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing

medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXIII: Breach of Implied Warranty
### (Defendant Segway Inc. t/a Segway-Ninebot)

316.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

317.    At all times relevant hereto, Defendant Segway was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

318.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

319.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Segway such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

320.    As a direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

321.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

322.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

323.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

324.     As a further direct and proximate result of Defendant Segway's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

325.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Inc. t/a Segway-Ninebot, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXIV: Breach of Implied Warranty
### (Defendant Segway Robotics Inc.)

326.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

327.    At all times relevant hereto, Defendant Segway Robotics was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

328.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

329.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Segway Robotics such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

330.    As a direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

331.    As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

332.    As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

333.    As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

334.    As a further direct and proximate result of Defendant Segway Robotics' negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

335.    All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Segway Robotics and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Segway Robotics Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXV: Breach of Implied Warranty
### (Defendant Ninebot Inc.)

336.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

337.    At all times relevant hereto, Defendant Ninebot Beijing was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

338.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

339.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Ninebot Beijing such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

340.    As a direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

341.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

342.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

343.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

344.     As a further direct and proximate result of Defendant Ninebot Beijing's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

345.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot Beijing and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc., in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXVI: Breach of Implied Warranty
### (Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot)

346.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

347.    At all times relevant hereto, Defendant Ninebot U.S. was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

348.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

349.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Ninebot U.S. such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

350.    As a direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

351.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

352.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

353.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

354.     As a further direct and proximate result of Defendant Ninebot U.S.'s negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

355.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Ninebot U.S. and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Ninebot Inc. a/k/a Ninebot U.S. t/a Segway-Ninebot, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

## COUNT XXVII: Breach of Implied Warranty
### (Defendant Xiaomi US LLC)

356.    The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if fully set forth herein:

357.    At all times relevant hereto, Defendant Xiaomi was a merchant within the meaning of the Uniform Commercial Code and was in the business of manufacturing, designing, and/or selling scooters, and as such was the manufacturer, distributor, dealer, or wholesaler of the Scooter.

358.    As a merchant of scooters, an implied warranty existed at the time Plaintiff Gambo came to operate the Scooter. Specifically, said implied warranty guaranteed that the Scooter was fit for its ordinary use and purpose of motorized transportation and was safe for use by members of the public who may otherwise foreseeably be injured by any defective condition regarding the Scooter.

359.    At the time the Scooter was operated by Plaintiff Gambo, the Scooter was defective, unreasonably dangerous, and otherwise did not conform to the implied warranty of merchantability and fitness for a particular use, resulting in a breach of said warranty. Specifically, the Scooter was defectively designed and/or manufactured by Defendant Xiaomi such that during the course and scope of its otherwise reasonable and ordinary use, the stem was caused to detach from the deck, causing Plaintiff to fall and sustain injuries on May 22, 2019.

360.    As a direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo sustained severe, permanent, and life-altering injuries, which necessitated medical evaluation and treatment, and which will require ongoing treatment.

361.    As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has incurred medical and related expenses, and will incur additional medical and related expenses in the future.

362.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo incurred and will continue to incur lost wages and a loss of earnings capacity.

363.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo suffered severe and permanent injuries to his mind and body that limited and will limit his usual activities.

364.     As a further direct and proximate result of Defendant Xiaomi's negligent acts and omissions, Plaintiff Gambo has been caused to undergo, and will undergo in the future, physical, mental, and emotional pain and suffering.

365.     All of Plaintiff Gambo's losses and damages were directly and proximately caused by the aforementioned negligence of Defendant Xiaomi and were incurred without contributory negligence or assumption of the risk on the part of Plaintiff Gambo and without an opportunity for Plaintiff Gambo to avoid the injury.

WHEREFORE, Plaintiff Nicholas Gambo demands judgement against Defendant Xiaomi US LLC, in the amount of One Million Dollars ($1,000,000.00), for damages incurred as a result of the causes of action maintained herein, notably past, present, and continuing medical bills, lost wages, pain and suffering, mental anguish, emotional distress, costs, pre-judgment interest, if applicable, attorney's fees, and the costs of pursuing this action.

Respectfully submitted,

**PRICE BENOWITZ, LLP**

By:   **/s/ John J. Yannone**
John J. Yannone, Esq. (DC Bar #452458)
John@pricebenowitzlaw.com
Arren T. Waldrep, Esq. (DC Bar #999861)
Arren@pricebenowitzlaw.com
Nicholas J.N. Stamatis, Esq. (DC Bar #1719234)
Nstamatis@pricebenowitzlaw.com
409 7th Street, N.W., Suite 200
Washington, D.C. 20004
(202) 417-6000
(301) 244-6659 (f)
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

**/s/ John J. Yannone**
John J. Yannone, Esq.

79

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION** Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

NICHOLAS GAMBO
　　Vs.
LYFT, INC. et al

C.A. No.　　2022 CA 002253 B

## INITIAL ORDER AND ADDENDUM

### Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge DANYA A DAYSON
Date:　　May 23, 2022
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

9:30 am, Friday, August 19, 2022
Location:　Courtroom 415
　　　　　　500 Indiana Avenue N.W.
　　　　　　WASHINGTON, DC 20001

CAIO-60

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides,    "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available.   Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826.  Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

CAIO-60

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option 1:** (AUDIO ONLY/Dial-in by Phone):

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the **Audio Alternative**

**Option 2:** (LAPTOP/ DESKTOP USERS 1):

> Open Web Browser in Google Chrome and copy and paste following address from the next page:
> https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3:** (LAPTOP/ DESKTOP USERS 2):

> Open Web Browser in Google Chrome and copy and paste following address
> https://dccourts.webex.com   Select **Join**, enter the Meeting ID from the next page

**AUDIO ALTERNATIVE:** Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.



**Option 4:** (Ipad/SMART PHONE/TABLET):

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be
- seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

CAIO-60

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).**  After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom.  Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| vision | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | **WebEx Direct URL** | **WebEx Meeting ID** |
| ditor ister | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| ·il | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
|---|---|---|---|
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |

CAIO-60

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Nicholas Gambo

Case Number:  __2022 CA 002253 B__

vs

Date:  __May 20, 2022__

Lyft, Inc., et al.

☐ One of the defendants is being sued
in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>John J. Yannone<br>Firm Name:<br>Price Benowitz, LLP<br>Telephone No.:          Six digit Unified Bar No.:<br>202-417-6015          452458 | Relationship to Lawsuit<br>☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☐ Non-Jury          ☑ 6 Person Jury          ☐ 12 Person Jury
Demand: $ __27,000,000.00__                          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

**NATURE OF SUIT:**     *(Check One Box Only)*

## A. CONTRACTS

**COLLECTION CASES**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☒ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_/s/ John J. Yannone_
Attorney's Signature

May 20, 2022
Date

CV-496/ June 2015

## AFFIDAVIT OF PROCESS SERVER

### Superior Court of the District of Columbia
### Civil Division
### Civil Actions Branch



Nicholas Gambo

      Plaintiff(s),

VS.

Lyft, Inc., et al.

      Defendant(s).

Attorney: John J. Yannone, Esq.

Price Benowitz, L.L.P.+
409 7th St., NW, #200
Washington DC 20004

*279097*

**FILED**
CIVIL ACTIONS BRANCH
JUN 0 1 2022
Superior ...
of the District
... Washington.

**Case Number: 2022 CA 002253 B**

Legal documents received by Same Day Process Service, Inc. on **05/24/2022** at **5:37 PM** to be served upon **Lyft, Inc.**, by serving CT Corporation System at 1015 15th Street NW, Suite 1000, Washington, DC 20005

I, **Athena Arruda**, swear and affirm that on May 25, 2022 at 1:05 PM, I did the following:

Served **Lyft, Inc., by serving CT Corporation System** by delivering a conformed copy of the **Summons (issued on 05/23/22); Civil Information Sheet; Complaint and Jury Demand; Initial Order and Addendum; Remote Hearing Instructions** to Ami Pineda as Intake Specialist & Authorized Agent of Lyft, Inc., by serving CT Corporation System at **1015 15th Street NW, Suite 1000 , Washington, DC 20005.**

**Description of Person Accepting Service:**
Sex: Female Age: 40 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Caucasian Hair Color: Auburn

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

Internal Job
ID:279097

**Athena Arruda**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com



District of Columbia
Signed and sworn to (or affirmed) before me
on ___6-1-22___ by ___Athena Arruda___
Date                    Name(s) of Individual(s) making Statement

_____
Signature of Notarial Officer

___Notary___
Title of Office

My commission expires_____

Brandon Snesko
Notary Public, District of Columbia
My Commission Expires 9/14/2026

# AFFIDAVIT OF PROCESS SERVER

### Superior Court of the District of Columbia
### Civil Division
### Civil Actions Branch

**Nicholas Gambo**

      Plaintiff(s),

VS.

**Lyft, Inc., et al.**

      Defendant(s).

Attorney: John J. Yannone, Esq.

Price Benowitz, L.L.P.+
409 7th St., NW, #200
Washington DC 20004

FILED
CIVIL ACTIONS BRANCH
- JUN 01 2022
Superior Court
of Columbia
.n. D.C.

*279098*

**Case Number: 2022 CA 002253 B**

Legal documents received by Same Day Process Service, Inc. on **05/24/2022** at **5:39 PM** to be served upon **Lyft Bikes and Scooters, LLC, by serving CT Corporation System at 1015 15th Street NW, Suite 1000, Washington, DC 20005**

I, **Athena Arruda**, swear and affirm that on **May 25, 2022** at **1:05 PM**, I did the following:

Served **Lyft Bikes and Scooters, LLC, by serving CT Corporation System** by delivering a conformed copy of the **Summons (issued on 05/23/22); Civil Information Sheet; Complaint and Jury Demand; Initial Order and Addendum; Remote Hearing Instructions** to Ami Pineda as Intake Specialist & Authorized Agent of Lyft Bikes and Scooters, LLC, by serving CT Corporation System at **1015 15th Street NW, Suite 1000** , Washington, DC **20005**.

**Description of Person Accepting Service:**
Sex: Female Age: 40 Height: 5ft4in-5ft8in Weight: 131-160 lbs Skin Color: Caucasian Hair Color: Auburn

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.

**Athena Arruda**
Process Server
**Same Day Process Service, Inc.**
**1413 K St., NW, 7th Floor**
**Washington DC 20005**
**(202)-398-4200**
info@samedayprocess.com

Internal Job
ID:279098



District of Columbia
Signed and sworn to (or affirmed) before me
on 6-1-22 by

Date                    Name of Individual(s) making Statement

Signature of Notary or Other Officer

Title of Office

My commission expires Brandon Shesko
Notary Public, District of Columbia
My Commission Expires 9/14/2026

All Information | Party | Event | Docket | Receipt | Disposition

## Party Information

**GAMBO, NICHOLAS**
**- Plaintiff**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|
| Attorney |
| YANNONE, JOHN J |

**LYFT, INC.**
**- Defendant**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**LYFT BIKES AND SCOOTERS, LLC**
**- Defendant**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**SEGWAY INC.**
**- Defendant**

- Disposition
- Disp Date

| Alias | |
|---|---|
| TA | SEGWAY-NINEBOT |

| Party Attorney |
|---|

**XIAOMI USA LLC**
**- Defendant**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**SEGWAY ROBOTICS INC.**
**- Defendant**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**NINEBOT INC.**
**- Defendant**

- Disposition
- Disp Date

| Alias |
|---|

| Party Attorney |
|---|

**NINEBOT INC.**
**- Defendant**

- Disposition
- Disp Date

| Alias | |
|---|---|
| AKA | NINEBOT U.S. |

| Party Attorney |
|---|

## Events

| Date/Time | Location | Type | Result | Event Judge |
|---|---|---|---|---|
| 08/19/2022 09:30 AM | Courtroom 415 | Initial Scheduling Conference-60 | | DAYSON, DANYA A |

## Docket Information

| **Date** | **Docket Text** | **Image Avail.** |
| --- | --- | --- |
| 05/20/2022 | Complaint for Product Liability Filed Receipt: 493784 Date: 05/23/2022 | |
| 05/20/2022 | eComplaint Filed. Submitted 05/20/2022 14:42. mq<br>Attorney: YANNONE, Mr JOHN J (452458) | Image |
| 05/23/2022 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 08/19/2022   Time: 9:30 am<br>Judge: DAYSON, DANYA A   Location: Courtroom 415 | |
| 05/23/2022 | Issue Date: 05/23/2022<br>Service: Summons Issued<br>Method: Service Issued<br>Cost Per: $<br><br>LYFT, INC.<br>185 Berry Street, Suite 5000<br>SAN FRANCISCO, CA   94107<br>Tracking No: 5000241608<br><br>LYFT BIKES AND SCOOTERS, LLC<br>185 Berry Street, Suite 5000<br>SAN FRANCISCO, CA   94107<br>Tracking No: 5000241609<br><br>SEGWAY INC.<br>2350 W Valley Boulevard<br>ALHAMBRA, CA   91803<br>Tracking No: 5000241610<br><br>XIAOMI USA LLC<br>5414 Oberlin Drive, Suite 230<br>SAN DIEGO, CA   90046<br>Tracking No: 5000241611<br><br>SEGWAY ROBOTICS INC.<br>98 Spit Brook Road Suite 2203<br>NASHUA, NH   03062<br>Tracking No: 5000241612<br><br>NINEBOT INC.<br>Zhongguan Village 66 Xixiaokou Road<br>Haidian District Beijing, 100192 China<br>Tracking No: 5000241613<br><br>NINEBOT INC.<br>184 S. Livingston Ave. Suite 9-308<br>LIVINGSTON, NJ   07039<br>Tracking No: 5000241614 | |
| 05/23/2022 | Complaint Package eServed to Filer. kc. | Image |
| 06/01/2022 | Affidavit of Service of Summons & Complaint on<br>LYFT, INC. (Defendant); | Image |
| 06/01/2022 | Affidavit of Service of Summons & Complaint on<br>LYFT BIKES AND SCOOTERS, LLC (Defendant); | Image |

## Receipts

| **Receipt Number** | **Receipt Date** | **Received From** | **Payment Amount** |
| --- | --- | --- | --- |
| Total | Total | Total | Total |
| | | | $120.00 |

| Receipt Number | Receipt Date | Received From | Payment Amount |
|---|---|---|---|
| 493784 | 05/23/2022 | YANNONE, Mr JOHN J, Attorney | $120.00 |
| Total | Total | Total | Total |
| | | | $120.00 |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Undisposed | | DAYSON, DANYA A |